1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

               Plaintiff/ Respondent,

    v.

PHILLIP HOTCHKISS,

               Defendant/ Petitioner.

CASE NO. 14cr198 WQH
CASE NO. 16cv1481 WQH

**ORDER**

HAYES, Judge:

      The matter before the Court is the motion for reconsideration filed by the Plaintiff United States of America (ECF No. 52).

      On September 13, 2016, this Court filed an order granting the motion to vacate sentence pursuant to 28 U.S.C. § 2255 filed by Defendant/Petitioner.  Defendant asserted that his sentence should be vacated in light of *Johnson v. United States*, 135, S.Ct. 2551(2015).  Defendant asserted that the conclusion at the time of his sentencing that CPC §148.10(a) qualified as a "crime of violence" pursuant to the residual clause in U.S.S.G. § 4B1.2(a)(2) denied him due process of law on the grounds that the Supreme Court in *Johnson* determined that the identically-worded residual clause of the Armed Career Criminal Act was unconstitutionally vague.  The Court determined that "*Johnson* nullifies the identically worded residual clause in § 4B1.2(a)(2)" and that "Hotchkiss's sentence was increased pursuant to a provision in the guidelines that is unconstitutionally vague."  (ECF No. 51 at 5).

      Plaintiff United States moves the Court for reconsideration of the order granting habeas relief on the grounds that the Court incorrectly concluded that the United States

conceded that the holding in *Johnson* applies retroactively in the guideline context. Defendant agrees that the United States did not concede this position but contends that the Court of Appeals for the Ninth Circuit has determined that a rule deemed "substantive" for the purposes of the Armed Career Criminal Act is "substantive" for the purposes of the Sentencing Guidelines.

## RULING OF THE COURT

The Court incorrectly stated that the Plaintiff United States conceded in this case that the holding announced in *Johnson* applies retroactively in the guideline context. The Court now addresses this issue and concludes that retroactive relief should be granted in this case.

In *Teague v. Lane*, 489 U.S. 288 (1989), the United States Supreme Court held that newly announced constitutional rules apply to all criminal cases still on direct review but apply retroactively on collateral review if the rule (1) "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or (2) is a "watershed rule [] of criminal procedure." *Id*. at 304, 311 (internal quotation marks omitted). In *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court held that *Johnson* is a new substantive rule because the rule "changed the substantive reach of the Armed Career Criminal Act, altering the 'range of conduct or the class of persons that the [Act] punishes." *Id*. at 1265 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)).

In *Reina-Rodriguez v. United States*, 655 F.3d 1182 (9th Cir. 2011), the Court of Appeals determined that a prior decision[1] which "altered the conduct that substantively qualifies as burglary under the categorical approach" for the purposes of the ACCA created a substantive rule eligible for retroactive application under *Teague*. *Id*. at 1189. ("Because *Grisel* announced a substantive rule, rather than a procedural one, *Teague* does not bar retroactive application of *Grisel*."). The Court of Appeals applied the prior

---

[1] *United States v. Grisel*, 488 F.3d 844 (9th Cir 2007).

decision retroactively to Reina-Rodriguez's challenge to his  Guideline enhancement based on the § 4B1.2 definition of crime of violence and reversed the denial of habeas relief by the district court.  *Id.* at 1189-90.

Johnson substantively changes the conduct by which federal courts may enhance the sentence of a defendant under the Guidelines.  Applying the holding in *Johnson*, Defendant's prior state court conviction for resisting a peace officer causing injury in violation of CPC § 148.10(a) is no longer a "crime of violence" for the purposes of U.S.S.G. § 2K2.1(a)(4)(A).  While the Guidelines are advisory, the Guidelines remain the "lodestar of sentencing." *Peugh v. United States*, 133 S.Ct. 2072, 2084 (2103). Consistent with *Reina-Rodriguez*, the Court concludes that the *Teague* bar does not apply and that the ruling in *Johnson* should be applied retroactively to Defendant's petition. *See Johnson*, 135 S.Ct. at 2557 ("Increasing defendant's sentence under the [identically-worded residual clause] clause denies due process.").  *See United States v. Dean*, 2016 WL 1060229 (D.Or. March 25, 2016) (applying *Johnson* retroactively to career offender Guidelines based upon *Reina-Rodriguez*), *United States v. Bercier*, 2016 WL 3619638 (E.D. Wash. June 24, 2016) (based upon *Reina-Rodriguez,* "the Court is bound to conclude that *Johnson* applies retroactively to the Sentencing Guidelines."), *Gilbert v. United States*, 2016 WL 3443898 (W.D. Wash. June 23, 2016) (same granting habeas relief), *United States v. Stamps*, 2016 WL 3747286 (N.D. Cal. June 29, 2016) (same granting habeas relief).  Because Defendant was sentenced applying an unconstitutional sentencing enhancement, the Court affirms its prior order that Defendant is entitled to habeas relief under 28 U.S.C. § 2255.

IT IS HEREBY ORDERED that the motion for reconsideration filed by the Plaintiff United States of America (ECF No. 52) is denied.

DATED:  September 28, 2016

**WILLIAM Q. HAYES**
United States District Judge